**E-FILED**
Tuesday, 11 August, 2009  04:52:13 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| **DEBORAH JOHNSON, EDDIE JOHNSON, II, K.J.,** by and through her natural mother and next friend, Deborah Johnson, and **EDDIE JOHNSON, III,** | Cause No: |
| Plaintiffs, | **Negligence** |
| | **Amount in Controversy in Excess of $75,000** |
| v. | |
| **ASK TRUCKING, LLC,** a limited liability company,<br>Serve: Saso Petrovich<br>Registered Agent<br>41 N Franklin Turnpike,<br>Apt B<br>Ramsey, NJ 07446-2000 | **Jury Trial Demanded** |
| and | |
| **ALEKSANDR ISSEROVICH,**<br>Serve: 21 Union Street<br>Lodi, NJ 07644 | |
| Defendants. | |

## COMPLAINT

### Count I
### (Negligence - Deborah Johnson v. Isserovich and ASK        Trucking, LLC)

COMES NOW plaintiff Deborah Johnson, and for her claim and cause of action against defendants, and each of them, states:

1.    Plaintiff Deborah Johnson is a citizen and resident of the State of

Kansas.

2.      Plaintiff Eddie Johnson, II is now, and was at all times herein mentioned, the lawfully wedded husband of plaintiff Deborah Johnson, and is a citizen and resident of the State of Kansas.

3.      Plaintiff K.J. is the minor child of Deborah and Eddie Johnson, II, and resides with her parents in the State of Kansas.

4.      Plaintiff Eddie Johnson, III is the adult child of Deborah and Eddie Johnson, II, and is a citizen and resident of the State of Kansas.

5.      Upon information and belief, defendant Aleksandr Isserovich is a citizen and resident of the State of New Jersey.

6.      At all relevant times, defendant ASK Trucking, LLC was a New Jersey limited liability company with the capacity to sue and be sued.

7.      At all relevant times, defendant ASK Trucking, LLC maintained its principal place of business in the state of New Jersey.

8.      At all relevant times, defendant Isserovich acted as the agent, servant and employee of defendant ASK Trucking, LLC within the scope and course of that agency and employment.

9.      Plaintiffs' claims and causes of action arise out of a collision that occurred on December 19, 2008, on Interstate 80, an open and public thoroughfare in Henry County, Illinois.

10.     The plaintiffs and the defendants are citizens and residents of different states; the amount in controversy exceeds the sum or value of $75,000.00; and this

2

Court therefore has jurisdiction pursuant to 28 USC §1332.

11.     On December 19, 2008, plaintiff Eddie Johnson, II was operating a motor vehicle in the eastbound lane of I-80 in Henry County, Illinois.  Plaintiff Deborah Johnson was a passenger seated in the front passenger seat, and plaintiffs K.J. and Eddie Johnson, III were passengers seated in the backseat of the vehicle operated by Eddie Johnson, II.

12.     At the same time and place, defendant Isserovich was operating a tractor trailer in the eastbound lane of I-80 in the scope and course of his agency and employment with defendant ASK Trucking, LLC.

13.     While the vehicle operated by plaintiff Eddie Johnson was stopped due to weather conditions in the eastbound lane of I-80, it was struck by the tractor trailer being operated by defendant Isserovich.

14.     As a result of this collision, plaintiffs suffered serious, permanent, and disabling and progressive injuries as more fully described infra.

15.     At the time of the collision, defendant Isserovich had a duty to exercise ordinary care at all times to avoid placing others in danger and to avoid a collision.

16.     Defendant Isserovich breached his duty of care, and his negligence directly caused or contributed to cause the collision, injuries, and damages to plaintiffs in the following respects:

a. Defendant Isserovich caused, allowed, and permitted the tractor trailer to collide with plaintiffs' vehicle;

b. Defendant Isserovich failed to keep a careful lookout;

3

c.  Defendant Isserovich operated his tractor trailer too fast for the conditions;

d.  Defendant Isserovich operated his tractor trailer at a speed which made it impossible for him to stop within his range of his visibility;

e.  Defendant Isserovich knew or should have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, or slackened his speed to avoid the collision but he failed to do so;

f.  Defendant Isserovich operated his motor vehicle in a careless and reckless manner; and

g.  Such further acts and omissions as the evidence and discovery will reveal.

17.  As a direct and proximate result of the negligence of defendant Isserovich, plaintiff Deborah Johnson has suffered serious personal injuries, including but not limited to: multiple pelvic fractures, multiple fractures to the right hip, injuries to her right knee, loss of hearing in the left ear, and multiple contusions and lacerations to her body; she is permanently partially disabled and handicapped; she has suffered fear, anxiety, and emotional distress; and her ability to work, labor, and enjoy the ordinary pursuits of life is impaired and diminished.

18.  As a direct and proximate result of the aforesaid negligence and the injuries she has sustained, plaintiff Deborah Johnson has been required to undergo medical care and treatment and to incur the costs of that treatment, and she will be

4

required to undergo additional care and incur additional expenses in the future.

19.    As a direct result of the aforesaid negligence and the injuries she sustained, plaintiff Deborah Johnson has lost wages, earnings, and income, and she will lose additional income in the future.

WHEREFORE, plaintiff Deborah Johnson prays for judgment against defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with her costs in this behalf expended.

## Count II
### (Negligence - Deborah Johnson v. ASK Trucking, LLC)

COMES NOW plaintiff Deborah Johnson, and for her claim and cause of action against defendant ASK Trucking, LLC, states:

20.    Plaintiff Deborah Johnson adopts and incorporates by reference each and every allegation set forth in Count I, supra.

21.    The negligence of defendant ASK Trucking directly caused or contributed to cause the injuries and damages sustained by plaintiff Deborah Johnson, in the following respects, to wit:

a. Defendant ASK Trucking failed to properly train defendant Isserovich;

b. Defendant ASK Trucking failed to properly supervise defendant Isserovich;

c. Defendant ASK Trucking was negligent in its hiring of defendant Isserovich;

5

    d. Defendant ASK Trucking negligently retained defendant Isserovich;

    e. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding the training of its drivers;

    f. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding safety; and

    g. Such other further acts and omissions as the evidence and discovery will reveal.

22. The aforementioned negligent and reckless acts and omissions were the direct and proximate cause of the serious injuries to plaintiff Deborah Johnson.

23. As a direct and proximate result of defendant ASK Trucking's negligence, plaintiff suffered injuries and damages as set forth in Count I, <u>supra</u>.

WHEREFORE, plaintiff Deborah Johnson prays for judgment against defendant ASK Trucking in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with her costs in this behalf expended.

<u>**Count III**</u>
**(Loss of Consortium- Eddie Johnson, II v. Isserovich and ASK Trucking, LLC)**

COMES NOW plaintiff Eddie Johnson, II, and for his claim and cause of action against defendants, and each of them, states:

24. Plaintiff Eddie Johnson, II adopts and incorporates by reference each and every allegation set forth in Counts I and II, <u>supra</u>.

6

25.     As a direct and proximate result of the injuries suffered by his wife, plaintiff Eddie Johnson, II has become indebted for the reasonable costs of the necessary medical care rendered to her.  He will continue to become indebted for such expenses in the future.

26.     As a direct and proximate result of the injuries suffered by his wife, plaintiff Eddie Johnson, II has been deprived of her care, comfort, support, companionship, and consortium, and he will continue to be deprived of these things in the future.

WHEREFORE, plaintiff Eddie Johnson, II states that he has been damaged and prays judgment in his favor against defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with his costs in this behalf expended.

<u>Count IV</u>
(Negligence –Eddie Johnson, II v. Isserovich and ASK Trucking, LLC)

COMES NOW Eddie Johnson, II, and for his claim and cause of action against defendants, and each of them, states:

27.     Plaintiff Eddie Johnson, II adopts and incorporates by reference each and every allegation set forth in Count I, <u>supra</u>.

28.     On December 19, 2008, plaintiff Eddie Johnson, II was operating a motor vehicle in the eastbound lane of I-80, when it was struck by the tractor trailer being operated by defendant Isserovich in the scope and course of his agency and employment with defendant ASK Trucking, LLC.

29.     As a direct and proximate result of the aforesaid negligence of

7

defendants, plaintiff Eddie Johnson, II suffered serious personal injuries, including but not limited to: fractures to his left tibia and left fibia, four broken ribs, a lacerated spleen, broken toe, a severe laceration to his left ear, and multiple lacerations and contusions about his head, face and body; he has suffered fear, anxiety, and emotional distress; and his ability to work, labor, and enjoy the ordinary pursuits of life is impaired and diminished.

30.     As a direct and proximate result of the aforesaid negligence of defendants and the injuries that he sustained, plaintiff Eddie Johnson, II has been required to undergo medical care and treatment and to incur the costs of that treatment; he will be required to undergo additional care and incur additional expenses in the future.

WHEREFORE, plaintiff Eddie Johnson, II states that he has been injured and damaged and prays judgment in his favor against the defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with his costs in this behalf expended.

<u>Count V</u>
(Negligence –Eddie Johnson, II v. ASK Trucking, LLC)

COMES NOW plaintiff Eddie Johnson, II, and for his claim and cause of action against defendant ASK Trucking, LLC, states:

31.     Plaintiff Eddie Johnson, II adopts and incorporates by reference each and every allegation set forth in Counts I and IV, <u>supra</u>.

32.     The negligence of defendant ASK Trucking directly caused or contributed to cause the injuries and damages sustained by plaintiff Eddie Johnson,

8

II, in the following respects, to wit:

    a. Defendant ASK Trucking failed to properly train defendant Isserovich;

    b. Defendant ASK Trucking failed to properly supervise defendant Isserovich;

    c. Defendant ASK Trucking was negligent in its hiring of defendant Isserovich;

    d. Defendant ASK Trucking negligently retained defendant Isserovich;

    e. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding the training of its drivers;

    f. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding safety; and

    g. Such other further acts and omissions as the evidence and discovery will reveal.

33. The aforementioned negligent and reckless acts and omissions were the direct and proximate cause of the serious injuries to plaintiff Eddie Johnson, II.

34. As a direct and proximate result of defendant ASK Trucking's negligence, plaintiff suffered injuries and damages as set forth in Count IV, supra.

WHEREFORE, plaintiff Eddie Johnson, II prays for judgment against defendant ASK Trucking in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with his costs in this

behalf expended.

## Count VI
### (Loss of Consortium- Deborah Johnson v. Isserovich and ASK Trucking, LLC)

COMES NOW plaintiff Deborah Johnson, and for her claim and cause of action against defendants, and each of them, states:

35.    Plaintiff Deborah Johnson adopts and incorporates by reference each and every allegation set forth in Counts I, IV, and V, supra.

36.    As a direct and proximate result of the injuries suffered by her husband, plaintiff Deborah Johnson has become indebted for the reasonable costs of the necessary medical care rendered to him.  She will continue to become indebted for such expenses in the future.

37.    As a direct and proximate result of the injuries suffered by her husband, plaintiff Deborah Johnson has been deprived of his care, comfort, support, companionship, and consortium, and she will continue to be deprived of these things in the future.

38.    As a direct and proximate result of the injuries suffered by her husband, plaintiff Deborah Johnson has been required to miss work and has therefore lost wages; she will continue to lose wages in the future.

WHEREFORE, plaintiff Deborah Johnson states that she has been damaged and prays judgment in her favor against defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with her costs in this behalf expended.

<u>Count VII</u>
**(Negligence –K.J. v. Isserovich and ASK Trucking, LLC)**

COMES NOW plaintiff K.J., a minor, by and through her natural mother and next friend, Deborah Johnson, and for her claim and cause of action against defendants, and each of them, states:

39.     Plaintiff K.J. is a minor child and brings this claim and cause of action by and through her natural mother and next friend, Deborah Johnson.

40.     Plaintiff K.J. adopts and incorporates by reference each and every allegation set forth in Count I, <u>supra</u>.

41.     On December 19, 2008, plaintiff K.J. was a passenger in the motor vehicle being operated by her father, Eddie Johnson, II when it was struck by a tractor trailer being operated by defendant Isserovich in the scope and course of his agency and employment with defendant ASK Trucking, LLC.

42.     As a direct and proximate result of the aforesaid negligence of defendants, plaintiff K.J. was ejected from the vehicle and suffered serious personal injuries, including but not limited to: multiple contusions, bumps, bruises, lacerations, a concussion, road rash, and swelling to her hips, legs, and feet; she was permanently partially disabled and handicapped; she has suffered fear, anxiety, and emotional distress; and her ability to work, labor, and enjoy the ordinary pursuits of life is impaired and diminished.

43.     As a direct and proximate result of the aforesaid negligence of defendants and the injuries that she sustained, plaintiff K.J. has been required to undergo medical care and treatment and to incur the costs of that treatment; she

11

will be required to undergo additional care and incur additional expenses in the future.

WHEREFORE, plaintiff K.J. states that she has been injured and damaged and prays judgment in her favor against the defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with her costs in this behalf expended.

Count VIII
(Negligence–K.J. v. ASK Trucking, LLC)

COMES NOW plaintiff K.J., by and through her natural mother and next friend, and for her claim and cause of action against defendant ASK Trucking, LLC, states:

44.     Plaintiff K.J. adopts and incorporates by reference each and every allegation set forth in Counts I and VII, supra.

45.     The negligence of defendant ASK Trucking directly caused or contributed to cause the injuries and damages sustained by plaintiff K.J., in the following respects, to wit:

a. Defendant ASK Trucking failed to properly train defendant Isserovich;

b.  Defendant ASK Trucking failed to properly supervise defendant Isserovich;

c. Defendant ASK Trucking was negligent in its hiring of defendant Isserovich;

d. Defendant ASK Trucking negligently retained defendant

Isserovich;

e. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding the training of its drivers;

f. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding safety; and

g. Such other further acts and omissions as the evidence and discovery will reveal.

46.    The aforementioned negligent and reckless acts and omissions were the direct and proximate cause of the serious injuries to plaintiff K.J.

47.    As a direct and proximate result of defendant ASK Trucking's negligence, plaintiff suffered injuries and damages as set forth in Count VII, supra.

WHEREFORE, plaintiff K.J. prays for judgment against defendant ASK Trucking in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with her costs in this behalf expended.

### Count IX
**(Loss of Consortium- Deborah Johnson and Eddie Johnson, II v. Isserovich and ASK Trucking, LLC)**

COME NOW plaintiffs Deborah Johnson and Eddie Johnson, II, and for their claims and causes of action against defendants, and each of them, state:

48.    Plaintiffs Deborah Johnson and Eddie Johnson, II adopt and incorporate by reference each and every allegation set forth in Counts I, VII, and VIII, supra.

49.   As a direct and proximate result of the injuries suffered by their daughter, K.J., plaintiffs Deborah Johnson and Eddie Johnson, II have become indebted for the reasonable costs of the necessary medical care rendered to K.J.. They will continue to become indebted for such expenses in the future.

50.   As a direct and proximate result of the injuries suffered by their daughter, plaintiffs Deborah Johnson and Eddie Johnson, II have been deprived of her care, comfort, support, companionship, and consortium, and they will continue to be deprived of these things in the future.

51.   As a direct and proximate result of the injuries suffered by their daughter, Deborah Johnson has been required to miss work and therefore lost wages; she will continue to lose wages in the future.

WHEREFORE, plaintiffs Deborah Johnson and Eddie Johnson, II state that they have been damaged and pray judgment in their favor against defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with their costs in this behalf expended.

### Count X
**(Negligence –Eddie Johnson, III v. Isserovich and ASK Trucking, LLC)**

COMES NOW Eddie Johnson, III, and for his claim and cause of action against defendants, and each of them, states:

52.   Plaintiff Eddie Johnson, III adopts and incorporates by reference each and every allegation set forth in Count I, supra.

53.   On December 19, 2008, plaintiff Eddie Johnson, III was a passenger in

14

the motor vehicle being operated by his father, plaintiff Eddie Johnson, II, when it was struck by the tractor trailer being operated by defendant Isserovich in the scope and course of his agency and employment with defendant ASK Trucking, LLC.

54.     As a direct and proximate result of the aforesaid collision, plaintiff Eddie Johnson, III suffered serious personal injuries, including but not limited to: bruising, contusions, lacerations and loosening of his teeth; he has suffered fear, anxiety, and emotional distress; and his ability to work, labor, and enjoy the ordinary pursuits of life is impaired and diminished.

55.     As a direct and proximate result of the aforesaid incident and the injuries that he sustained, plaintiff Eddie Johnson, III has been required to undergo medical care and treatment and to incur the costs of that treatment; he will be required to undergo additional care and incur additional expenses in the future.

WHEREFORE, plaintiff Eddie Johnson, III states that he has been injured and damaged and prays judgment in his favor against the defendants, and each of them, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair, just, and reasonable, together with his costs in this behalf expended.

**Count XI**
**(Negligence –Eddie Johnson, III v. ASK Trucking, LLC)**

COMES NOW plaintiff Eddie Johnson, III, and for his claim and cause of action against defendant ASK Trucking, LLC, states:

56.     Plaintiff Eddie Johnson, III adopts and incorporates by reference each and every allegation set forth in Counts I and X, supra.

57.     The negligence of defendant ASK Trucking directly caused or

15

contributed to cause the injuries and damages sustained by plaintiff Eddie Johnson, III, in the following respects, to wit:

a. Defendant ASK Trucking failed to properly train defendant Isserovich;

b. Defendant ASK Trucking failed to properly supervise defendant Isserovich;

c. Defendant ASK Trucking was negligent in its hiring of defendant Isserovich;

d. Defendant ASK Trucking negligently retained defendant Isserovich;

e. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding the training of its drivers;

f. Defendant ASK Trucking failed to have adequate policies and procedures in place regarding safety; and

g. Such other further acts and omissions as the evidence and discovery will reveal.

58.  The aforementioned negligent and reckless acts and omissions were the direct and proximate cause of the serious injuries to plaintiff Eddie Johnson, III.

59.  As a direct and proximate result of defendant ASK Trucking's negligence, plaintiff suffered injuries and damages as set forth in Count X, supra.

WHEREFORE, plaintiff Eddie Johnson, III prays for judgment against defendant ASK Trucking in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00), which is fair, just, and reasonable, together with his costs in this behalf expended.

COUNT XII
**(Punitive damages- Plaintiffs v. Isserovich and ASK Trucking, LLC)**

COME NOW plaintiffs Deborah Johnson, Eddie Johnson, II, K.J., by and through her natural mother and next friend, Deborah Johnson, and Eddie Johnson, III, and for their claims for punitive damages against defendants, and each of them, state:

60.    Plaintiffs adopt and incorporate by reference each and every allegation set forth in Counts I, II, IV, V, VII, VIII, X, and XI, <u>supra</u>.

61.    The acts of defendants Isserovich and ASK Trucking, LLC were willful and wanton and showed a disregard for the rights of others, including the plaintiffs.

62.    In addition to compensatory damages, plaintiffs, and each of them, should be awarded an additional amount as punitive damages, in a sum which will punish the defendants and deter the defendants, and others, from like conduct in the future.

WHEREFORE, in addition to compensatory damages, plaintiffs, and each of them, pray judgment in their favor against the defendants, and each of them, for punitive damages, in a sum which will serve to punish the defendants and deter the defendants, and others, from like conduct in the future.

PAUL J. PASSANANTE, P.C.
& ASSOCIATES


By:     /s/ Dawn M. Besserman
        Dawn M. Besserman, IL #6283508
        Attorney for Plaintiffs
        1010 Market St, Suite 1650
        St. Louis, MO  63101
        Phone: (314) 621-8884
        Fax:  (314) 621-8885